UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL AZIZ ZARIF SHABAZZ
  aka MICHAEL A. HURLEY,

                                   Plaintiff,

                                                          9:11-CV-0916
    v.                                                   (TJM/ATB)

BRIAN FISCHER, *et al.*,

                                   Defendants.

---

APPEARANCES:

MICHAEL AZIZ ZARIF SHABAZZ
  aka MICHAEL A. HURLEY
72-B-0089
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

THOMAS J. McAVOY
Senior U.S. District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

       Plaintiff Michael Aziz Zarif Shabazz commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). By Decision and Order of this Court filed on February 10, 2012, plaintiff's in forma pauperis application was denied, without prejudice to renew, because the Court found that plaintiff had accumulated three strikes as defined in 28 U.S.C. § 1915(g) ("Section 1915(g)), and had not alleged that he met the imminent danger exception set forth in Section 1915(g). Dkt. No. 16 at 18 (the "February Order"). The February Order also denied plaintiff's motions for preliminary injunctive relief without prejudice. *Id.* at 16-18. Presently before the Court is plaintiff's motion for

reconsideration of the February Order. Dkt. No. 17. Plaintiff's motion also includes requests for miscellaneous relief. *Id*.

## II.  DISCUSSION

### A.  Motion for Reconsideration

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.Y.N.D. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff contends that the February Order should be reconsidered to the extent that it found that plaintiff had accumulated three strikes pursuant to Section 1915(g). Dkt. No. 17 at 5; *see also* Dkt. No. 17-1 at 11-23.

First, plaintiff states that "no other court or Judge has determined and entered a strike against [him], let alone the three strikes that this court has imposed," and this Court did not personally "sit[ ] in person and determin[e] the facts of those three cases." Dkt. No. 17 at 5. Plaintiff seems to argue that because this Court did not preside over those cases previously

2

dismissed, it is not in a position to decide that those dismissals constitute strikes. *Id.* Plaintiff seems to suggest that only the Judge who dismisses an action may assign a strike. However, Second Circuit case law holds to the contrary. Indeed, in *DeLeon v. Doe*, the Second Circuit held that "district courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately-upon determination at a proper time-qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (per curiam).[1] In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes. *Id*. Therefore, this aspect of plaintiff's motion for reconsideration is denied.

Plaintiff also asserts that denial of IFP status denies him access to the courts. Dkt. No. 17 at 5. However, the Second Circuit has clearly held that the fee requirements set forth in 28 U.S.C. § 1915, do not violate a prisoner's right of access to the courts. *See Nicholas v. Tucker* 114 F.3d 17, 21 (2d Cir. 1997) (requiring prisoners to pay fees does not violate a prisoner's access to the courts); *accord Tucker v. Branker*, 142 F.3d 1294, 1297 (D.C.Cir. 1998); *Lucien v. DeTella*, 141 F.3d 773 (7th Cir. 1998); *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Norton v. Dimazana*, 122 F.3d 286, 289-91 (5th Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-33 (4th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1284-86 (6th Cir. 1997); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1179-80 (9th Cir. 1999) (Section

---

[1] The Second Circuit in *DeLeon* referred to its previous decision in *Snider v. Melindez*, wherein it noted in dicta that the "[c]ontemporaneous classification of dismissals as strikes or non-strikes at a time when the ruling has no immediate consequences may also lead district courts to undertake such classifications carelessly, and with inadequate explanation of why a given dismissal falls into one category and not the other." *DeLeon*, 361 F.3d at 95, n.1 (quoting *Snider v. Melindez*, 199 F.3d 93, 115, n.4 (2d Cir. 2004)).

3

1915(g) does violate prisoner's right of access to the courts). Plaintiff's motion for reconsideration in this regard is denied.

Plaintiff also argues that the Court incorrectly concluded that three prior dismissals constitute strikes for purposes of Section 1915(g). Dkt. No. 17-1 at 11-23. Plaintiff presents no basis for reconsideration of this Court's determination that plaintiff had accumulated three strikes for purposes of Section 1915(g) prior to the date that he filed this action. *See Shabazz v. Coombe*, 1:95-CV-4144 (S.D.N.Y.) (Dkt. No. 12, Mandate issued by the Second Circuit on June 13, 1996) (dismissing plaintiff's appeal to the Second Circuit "as frivolous within the meaning of 28 U.S.C. § 1915"); *Shabazz v. Bloomberg*, 1:08-CV-1789 (E.D.N.Y.) (Dkt. No. 5, Memorandum and Order filed May 12, 2008) (dismissing complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and certifying that appeal would not be taken in good faith);[2] *Shabazz v. Pataki*, 1:08-CV-5961 (S.D.N.Y.) (Dkt. No. 14, Mandate issued by the Second Circuit on November 10, 2010) (dismissing plaintiff's appeal to the Second Circuit "because it lacks an arguable basis in law or fact").

---

[2] Plaintiff argues, in part, that the dismissal of *Shabazz v. Bloomberg*, No. 1:08–CV-1789 (E.D.N.Y.), should not constitute a strike because the Eastern District of New York never properly addressed his "Rule 60 Motion" challenging the Judgment of dismissal in that action. Dkt. No. 17 at 18-19. The Court has reviewed the publicly available documents for plaintiff's cases on the U.S. Party/Case Index ("PACER") (*see* < http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl >, and based upon that review, finds that plaintiff's argument is without merit. First, a review of the docket for *Shabazz v. Bloomberg* reflects that plaintiff's Rule 60 motion was denied by Order of United States District Judge Nicholas G. Garaufis by Order filed October 17, 2008. *See Shabazz v. Fischer*, Dkt. No. 11. That Order was returned to the Eastern District of New York Clerk's Office on October 31, 2008 as undeliverable. *See id.*, Dkt. No. 12. Moreover, in 2010, plaintiff filed a submission with the Second Circuit Court of Appeals, specifically referencing *Shabazz v. Bloomberg*, wherein he asked the Circuit to issue a writ of mandamus to, among other things, "vacat[e] the dismissal of *Shabazz v. Bloomberg*." *See In Re: Michael Aziz Zarif Shabazz*, 10-1978-op (Second Circuit filed May 19, 2010). The same submission was also construed by the Circuit to be an appeal from plaintiff's Southern District of New York action, No. 1:08-CV-5961. *See Shabazz v. Pataki*, 10-1899-pr (Second Circuit filed May 7, 2010). The Circuit issued a joint mandate on November 9, 2010, dismissing plaintiff's appeal "because it lack[ed] an arguable basis in law or fact" and denying his mandamus petition because he "had not demonstrated that exceptional circumstances warrant the requested relief." *See Shabazz v. Bloomberg*, No. 1:08-CV-1789, Dkt. No. 13. *See also Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (The Court must strike a balance between hearing a litigant's claims on the merits against the policy in favor of finality).

Additionally, plaintiff asks the Court to reconsider its conclusion that plaintiff's complaint failed to provide sufficient allegations against specific defendants to qualify plaintiff for the imminent danger exception set forth in Section 1915(g). Dkt. No. 17 at 6-7. Plaintiff has presented nothing to warrant reconsideration of that portion of the February Order. Moreover, if plaintiff believes that he can demonstrate that he qualifies for the imminent danger exception to Section 1915(g), the February Order provided plaintiff the opportunity to submit an amended complaint setting forth facts plausibly suggesting that, on the date that he filed this action, he was in imminent danger of serious physical injury, and that the alleged imminent danger was fairly traceable to the wrongdoing of one or more of the named defendants. February Order at 18. Indeed, as part of his motion, plaintiff requests an extension of time to submit "a proper and formal [amended] complaint pursuant to and in compliance with the Court's orders."[3] Dkt. No. 17 at 4. Although the Court denies plaintiff's request for reconsideration of the February Order's conclusion that plaintiff had not alleged imminent danger, the Court grants plaintiff's request for an extension of time to file an amended complaint. Plaintiff may submit an amended complaint within forty-five (45) days of the filing date of this Decision and Order.

The Court has thoroughly reviewed plaintiff's remaining arguments for reconsideration and finds that plaintiff presents no basis for reconsideration of the February Order. Thus, plaintiff's motion for reconsideration of the February Order is denied in its entirety.

### B.     Motion for Miscellaneous Relief

Plaintiff requests an order directing defendant Fischer to provide plaintiff with a

---

[3] Plaintiff actually requests a sixty day extension of time to submit an amended complaint, measured from the date that defendant Fischer produces certain documents to plaintiff. As discussed below, plaintiff's request for production of documents is denied as premature. *See infra*, Part II.B.

5

"computer print out" of documents including, but not limited to, plaintiff's disciplinary reports, medical records, and various Department of Corrections and Community Supervision policies and procedures. Dkt. No. 17 at 4. Plaintiff claims that he need these documents in order to prepare his amended complaint. *Id*. Plaintiff's request for production of documents is denied as premature. Plaintiff may request copies of such documents through proper channels at his facility.

Plaintiff also request copies of various documents from the Court. Dkt. No. 17 at 8 (copies of docket reports and court filings for this action and civil action No. 9:11-CV-0962); Dkt. No. 17 at 9 (copies of electronically reported cases cited in the February Order, this District's Pro Se Handbook and Local Rules). This portion of plaintiff's motion is granted to the limited extent detailed below.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 17) is **GRANTED in part** and **DENIED in part** as follows:

(1) Plaintiff's request for reconsideration of the February Order is **DENIED**;

(2) Plaintiff's request (Dkt. No. 17 at 4) for an extension of time to submit an amended complaint is granted. If plaintiff wishes to avoid dismissal of this action, he must, **within forty-five (45) days** of the filing date of this Decision and Order, submit **either** (a) an amended complaint demonstrating that he qualifies for the imminent danger exception to Section 1915(g) **and** a renewed application to proceed *in forma pauperis;* **or, in the alternative**, (b) an amended complaint **and** the $350.00 statutory filing fee, in full. Plaintiff's failure to timely comply with the terms of this Decision and Order will result in dismissal of this action without further Order of the Court;

(3) Plaintiff's request for production of documents (Dkt. No. 17 at 3-4) is denied as premature;

(4) The Clerk is directed to send plaintiff copies of the following:  (a) this District's

Prisoner Pro Se Manual; (b) the Local Rules relevant to prisoner actions; (c) the docket sheet for this action **and** for 9:11-CV-0962, together with a copy of all submissions filed in both of those actions to date; and (4) each of the unreported Westlaw cases cited in the February Order;[4] and

(5) Plaintiff's motion (Dkt. No. 17) is **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

DATED: August 7, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[4] The Clerk shall send plaintiff a copy of each of the following: *Welch v. Charlan*, 2008 WL 5382353, *Hudson v. Artuz*, 1998 WL 832708, *Crown v. Wagenstein*, 1998 WL 118169, *Flores v. Levy*, 2008 WL 4394681, *Davis v. Buffardi*, 2005 WL 1174088, *Cancel v. Goord*, 2001 WL 303713, *McCorkle v. Juchenwicz,* 1999 WL 163205, *Gadson v. Goord,* 1997 WL 714878, and *Ifill v. Goord*, 2005 WL 2126403.